George A. Tacker, Esq. (019325)
**Tacker & Associates**
11435 W. Buckeye Road, Ste. 104-412
Avondale, Arizona 85323
Phone: (602) 385-3660
Fax: 1-888-483-6015
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| 6030 N. CAMELBACK MANOR, L.L.C. | No. 2:09-bk-09299-CGC |
| Debtor. | **OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| AURORA LOAN SERVICES, LLC, its successors and/or assigns, | **(Real Property located at 9815 W. Keyser Drive, Peoria, Arizona)** |
| Movant, | |
| v. | |
| 6030 N. Camelback Manor, LLC, Debtor; | |

COMES NOW the Debtor, by and through counsel undersigned and hereby objects to the Motion to Lift Stay filed by the Movant, Aurora Loan Services, LLC, in this matter. Debtor objects because Aurora Loan Services is not a real party in interest, but is a servicing company. Aurora Loan Services does not hold the note to this piece of real

property despite the statements in their Motion to Lift Stay. The current recorded Deed of Trust and Note show that it belongs to Aegis Wholesale Corporation. No assignment of the beneficiary status under the Deed of Trust has ever been recorded and no assignment of the Note has been recorded.

In short, no document exists to the knowledge of the Debtor showing the Aurora Loan Servicing holds the Note on the real property at issue or that Aurora Loan Servicing is the beneficiary under the Deed of Trust. As far as Debtor is aware, Aurora Loan Servicing has never owned the Note or been assigned the Note. No recorded documentation exists showing any such transfers and no notices were ever sent concerning such transfers and the Debtor cannot verify that Aurora is the holder of the note or has any rights according to the documents filed by Aurora.

Additionally, there is an issue involving predatory lending with this loan. Also, the issue over the value of the real property and whether there is equity or not is an issue that will need to be litigated because the Debtor disputes the validity of the debt in the schedules that were filed as part of the bankruptcy. As such, lifting the automatic stay is not appropriate at this time.

DATED this 3rd day of September 2009.

TACKER & ASSOCIATES

By   /s/ George A. Tacker
George A. Tacker
Attorney for the Debtor

Copy of the forgoing electronically
filed this 3rd day of September, 2009 with:

ECF/U.S. Bankruptcy Court
For the District of Arizona

Copy of the electronically notified
this 3rd day of September, 2009 with:

U.S. Trustee

Mathew A. Silverman, Esq.
McCarthy Holthus Levine
Attorney for Movant


By: _____-